IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


CARRIE DELATORRE,                          Civ. No. 6:12-CV-01911-AA

                    Plaintiff,                   OPINION AND ORDER

          v.

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                    Defendant.
_____

Alan Stuart Graf
316 Second Rd.
Summertown, Tennessee 38483
     Attorney for plaintiff

S. Amanda Marshall
United States Attorney
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902

Robert M. Rodriguez
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 221A
Seattle, WA  98104-7075
     Attorneys for defendant


1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g). Plaintiff seeks review of the final decision of the Commissioner of Social Security denying her application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act (the Act). For the reasons set forth below, the Commissioner's decision is affirmed.

BACKGROUND

Plaintiff applied for SSI on January 5, 2006, alleging an onset date of October 22, 2001. Tr. 11, 197-201. Plaintiff alleged that she could not work due to fibromyalgia, status-post left shoulder Weaver-Dunn reconstruction, mild right shoulder arthrosis of the acromioclavicular joint, obesity, bilateral feet hallux valgus deformity, cervical spine degenerative disc disease, mild thoracic spine degenerative changes, attention deficit hyperactivity disorder, post-traumatic stress disorder, generalized anxiety disorder, obsessive disorder traits, panic disorder with agoraphobia, and dysthymia. Tr. 14.

Her claims were denied initially and upon reconsideration, and ultimately denied by an ALJ decision dated July 25, 2008. Tr. 11, 104-15. Plaintiff requested review of the July 2008 decision by the Appeals Council. Tr. 11. The Appeals Council accepted jurisdiction and in an Order dated June 24, 2010,

2 - OPINION AND ORDER

remanded the case back to the hearings level. Tr. 11, 116-18. The Appeals Council directed the ALJ to clarify plaintiff's residual functional capacity (RFC) and to resolve an inconsistency between the RFC in the July 2008 hearing decision and the vocational expert testimony at the hearing. Tr. 11, 116-18. The remaining findings from the July 2008 decision were not called into question, including the ALJ's credibility finding. Tr. 11, 109-13. These findings were incorporated by reference into the current ALJ's decision. Tr. 16, 104-15.

Pursuant to the Appeals Council's Order, an ALJ held a supplemental hearing on November 18, 2010. Tr. 11, 48-79. Subsequent to the 2010 hearing, the ALJ ordered a psychological consultative examination, which was performed by psychiatrist Charles P. Reagan, M.D. Tr. 539-48. A supplemental hearing was held on May 10, 2011, and on June 3, 2011 the ALJ issued a decision finding that plaintiff could make an adjustment to other work existing in significant numbers in the national economy. Tr. 11-24, 32-47. Plaintiff now seeks judicial review.

Born in 1968, plaintiff was 37 years old on the date the application was filed on January 5, 2006. Tr. 11, 23. She completed 11th grade, but did not graduate or obtain her GED. Tr. 23, 57. Prior to her alleged onset date, plaintiff worked as a home care provider and a deli worker. Tr. 22, 58, 94.

3 - OPINION AND ORDER

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C.

4 - OPINION AND ORDER

§ 423(d)(1)(A).

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant sequential process. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that plaintiff had not engaged in any substantial gainful activity since her SSI application date. Tr. 14, Finding 1.

At step two, the ALJ found that plaintiff had the following severe impairments: fibromyalgia, status-post left shoulder Weaver-Dunn reconstruction, mild right shoulder arthrosis of the acromioclavicular joint, obesity, bilateral feet hallux valgus deformity, cervical spine degenerative disc disease, mild thoracic spine degenerative changes, attention deficit hyperactivity disorder, post-traumatic stress disorder, generalized anxiety disorder, obsessive disorder traits, panic disorder with agoraphobia, and dysthymia. Tr. 14, Finding 2. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of a listed impairment. Tr. 15, Finding 3.

The ALJ determined that plaintiff had the RFC to perform light work with a brief change of position every thirty minutes. Tr. 15, Finding 4, 20 CFR 416.967(b). The ALJ also found that plaintiff should never climb ladders or scaffolds, should not

perform overhead reaching with the right or left upper extremity, would be limited to unskilled work with routine repetitive tasks and simple instructions, should have only occasional or brief contact with the general public, and would work best in an independent environment. Tr. 16-22, Finding 4.

At step four, the ALJ determined that plaintiff was unable to perform her past relevant work. Tr. 22, Finding 5. At step five, the ALJ found that considering plaintiff's age, education, work experience, and RFC, plaintiff could perform jobs that existed in significant numbers in the national economy, such as the occupations of wire worker, folder, and solderer. Tr. 23, 40-44, Finding 9.

Therefore, the ALJ found plaintiff not disabled under the meaning of the Act since the date of plaintiff's application for SSI benefits. Tr. 24, Finding 10.

DISCUSSION

Plaintiff asserts that the ALJ gave insufficient reasons to reject the opinions of physicians and mental health providers, gave insufficient reasons to find her not credible, and gave insufficient reasons to reject lay witness testimony. Plaintiff also asserts that the jobs proposed by the vocational expert at the second hearing were inconsistent with the Dictionary of Occupational Titles and that therefore, the Commissioner failed

6 - OPINION AND ORDER

to meet his burden at step five.

I.    The ALJ did not commit reversible legal error in weighing the medical evidence.

Plaintiff first contends that the ALJ improperly weighed the medical evidence offered by various physicians and mental health providers. Specifically, plaintiff argues that the ALJ did not address the findings of Drs. Sandell and Butters and inappropriately weighed the findings of Dr. Roesel and therapist Nancy Strain.

Plaintiff argues that the ALJ's omission of Dr. Sandell's opinions from June 2002 and June 2003 is reversible error. It is correct that the ALJ did not address those findings. However, any error committed by the ALJ in not addressing Dr. Sandell's opinions was harmless for the following reasons.

First, Dr. Sandell's opinions pertain only to the time he examined plaintiff, several years before she filed her application for SSI benefits. Here, the ALJ chose to rely on more recent medical evaluations of plaintiff's impairments. Tr. 16-22. The ALJ gave great weight to Dr. Reagan's 2011 evaluation, Tr. 539-47, and Dr. Raymond Nolan's 2006 assessment, Tr. 359-61, which were both made following her application for SSI benefits.

Second, Dr. Sandell's opinions initially speculated as to whether or not plaintiff could return to her past relevant work

7 - OPINION AND ORDER

in 2002, Tr. 537; a year later Dr. Sandell indicated that "there may be some type of clerical work she can do in the future." Tr. 317. Thus, any error in not addressing Dr. Sandell's speculative vocational opinions was harmless as his notes indicated a belief that plaintiff could return to some type of work. Tr. 317, 537. Crediting Dr. Sandell's vocational assessment supports the ALJ's ultimate finding that plaintiff could perform some work, especially in light of the more recent medical assessments of Drs. Noland and Reagan.

Next, plaintiff argues it was error for the ALJ not to address Dr. Butters' December 2002 assessment, where his impression was "failed Weaver-Dunn reconstruction, left shoulder" and "scapular winging, left painful." Tr. 440. Plaintiff correctly notes that the ALJ did not address Dr. Butters' 2002 assessment. However, Dr. Butters assessed no limitations. Tr. 440. Therefore, the probative value, if any, of this assessment is quite limited. See Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984).

Furthermore, based upon the examination of Jason S. Bell, M.S., performed in October 2010, the ALJ did find "status-post left shoulder Weaver-Dunn reconstruction" as a severe impairment. Tr. 14, 490-91. The ALJ also noted Dr. Nolan's assessment when determining plaintiff's RFC, as it set out

8 - OPINION AND ORDER

specific findings and limitations related to plaintiff's impairments diagnosed by Drs. Butters and Bell. Tr. 16-22, 359-61. In addition, the ALJ accounted for this impairment in the RFC assessment by precluding climbing ladders or scaffolds, and precluding any work requiring overhead reaching with the left or right extremity. Tr. 16. Thus, the error, if any, in not specifically mentioning Dr. Butters' 2002 assessment was harmless, as he assessed no limitations and the ALJ relied upon more recent medical evidence that provided specific limitations. Tr. 16-22.

Finally, plaintiff argues that the ALJ erred by failing to give greater weight to Dr. Roesel's opinions. Plaintiff acknowledges that Dr. Roesel did not provide any limitations associated with her impairments other than to state plaintiff's mental impairments exacerbated her physical complaints and were therefore disabling. Tr. 21, 352-55, 400. However, in January 2005, Dr. Roesel stated, "I think she should apply for disability, as she certainly is unable to carry out any kind of job because of her chronic severe back pain." Tr. 352. The ALJ, in rejecting this conclusory vocational opinion, noted the lack of diagnostic signs and findings to substantiate Dr. Roesel's opinion that plaintiff's back pain was debilitating. Tr. 21, 113, 352; see Thomas v. Barnhart, 278 F.3d, 957 (9th Cir. 2002)

("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

Plaintiff also notes the ALJ's neglect in not addressing a similar opinion expressed by Dr. Roesel in June 2006. However, as with the January 2006 opinion, Dr Roesel merely speculates that plaintiff is a candidate for disability. Tr. 400. Dr. Roesel did not offer any opinion addressing limitations due to plaintiff's impairments; to the extent it was a disability opinion, the ALJ was not required to accord it any weight as it failed to set out what diagnostic signs or findings supported this subsequent disability opinion.

Further, Dr. Roesel's statements concerning plaintiff's candidacy for disability do not describe or explain the nature of plaintiff's impairments. Instead, they are opinions on disability which is reserved to the Commissioner. As the Ninth Circuit explained, a "physician does not ordinarily consult a vocational expert or have the expertise of one. An impairment is a purely medical condition. A disability is an administrative determination of how an impairment. . . affects ability to engage in substantial gainful activity." McLeod v. Astrue, 640 F.3d 881, 885 (9th Cir. 2010). The ALJ appropriately accounted Dr. Roesel's medical opinion about plaintiff's impairments by

10 - OPINION AND ORDER

limiting her to a reduced range of light work. Tr. 16-20.

Lastly, plaintiff argues that the ALJ did not have sufficient reasons to discount therapist Nancy Strain's opinion. The ALJ discussed Ms. Strain's assessment of plaintiff and found it was inconsistent with the findings of Dr. Reagan, Gail Wahl, Ph.D., and Dr. Nolan. Tr. 539-44. Inconsistency with medical evidence is a germane reason sufficient to discredit lay witness testimony. <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1218 (9th Cir 2005).

II. <u>The ALJ provided legally sufficient reasons to support his finding that plaintiff was not credible.</u>

Plaintiff next contends that the ALJ improperly rejected her testimony. Specifically, plaintiff argues that the ALJ should not have relied on Dr. Wahl's opinion in determining plaintiff's credibility.[1] Plaintiff contends that people are inherently inconsistent and that inconsistencies in the record should not rise to the level of clear and convincing reasons for denying plaintiff's complaints. After considering the record, I find that the ALJ provided legally sufficient reasons to support

---

[1] Dr. Wahl noted that plaintiff's subjective complaints regarding her reported limitations were inconsistent with Dr. Wahl's observations and assessment. Tr. 110. Plaintiff reported to Dr. Wahl that she was "basically unable to function," yet Dr. Wahl observed that plaintiff climbed five flights of stairs to the appointment, was capable of stretching and walking on most days, had driven herself to the appointment, and attended rodeos in the summer and her son's graduation. Tr. 110-11, 408-10.

11 - OPINION AND ORDER

his finding that the plaintiff was not credible.

The ALJ considered the evidence for the relevant time period and found that plaintiff's medically determinable impairments could reasonably be expected to produce the symptoms that she alleges. Tr. 14-22. However, the ALJ found that plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not credible for the following clear and convincing reasons. Tr. 16-22.

First, the ALJ found that plaintiff's activities of daily living were inconsistent with her alleged level of impairment. Tr. 22. Plaintiff reported going to rodeos in the summer to watch her daughter and attending her son's graduation.  Tr. 110-11, 409. Plaintiff also stated that she was able to walk daily, clean her home, cook daily, launder her clothes, shop, occasionally visit with friends, visit her son on a daily basis, and attend sporting events for her children. Tr. 17, 22, 110-11, 236-40, 252-55, 541. Dr. Wahl observed that plaintiff was able to climb five flights of stairs to Dr. Wahl's office and able to raise both arms above her shoulders without apparent difficulty with no obvious signs of pain. Tr. 110, 408-410. These reasons are clear and convincing and supported by the record. Carmickle v. Comm'r of Soc. Sec. Admin., 533 F.3d 1155, 1160 (9th Cir. 2008).

12 - OPINION AND ORDER

Next, the ALJ, incorporating the 2008 decision, noted plaintiff's treatment had been minimal, conservative, and effective. Tr. 111. Furthermore, the ALJ found that when compliant with her medications, plaintiff acknowledged her symptoms related to her mental impairments improved. Tr. 111, 398, 404.

Further, the ALJ found that plaintiff did not always follow treatment recommendations and declined counseling. Tr. 111, 398, 404. Although plaintiff had financial reasons for declining counseling in October 2007, in May 2008 she was notified that she was eligible for benefits from the Crime Victims Compensation Board, including doctor's visits and counseling. Tr. 111, 288. Plaintiff's stated reason for not attending counseling was the distance she was required to drive. Tr. 111. The ALJ found this reason not credible as plaintiff had driven to the hearing, had a driver's license, and maintained the ability to travel. Tr. 111. Thus, her refusal to seek counseling when the cost would have been compensated was a specific and legitimate reason for discounting plaintiff's credibility. Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005). Although plaintiff eventually attended counseling, she only attended three sessions and cancelled three future appointments with no rescheduling. Tr. 18, 486-87, 498.

13 - OPINION AND ORDER

Plaintiff argues for a more favorable interpretation of this evidence. However, where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld. <u>Burch</u>, 400 F.3d at 679.

### III. The ALJ gave germane reasons for dismissing lay witness testimony.

Plaintiff argues that the ALJ incorrectly dismissed the testimony of Jody McNeely, plaintiff's friend. Here, the ALJ properly rejected plaintiff's testimony. Tr. 21, 22. When an ALJ gives valid, germane reasons for rejecting a claimant's testimony, "the ALJ need only point to those reasons when rejecting similar testimony by a different witness." <u>Molina v. Astrue</u>, 674 F.3d 1104, 1114 (9th Cir. 2012) (citing <u>Valentine v. Comm'r Soc. Sec. Admin.</u>, 574 F.3d 685, 694 (9th Cir. 2009)). The clear and convincing reasons given by the ALJ to reject plaintiff's testimony can be applied to the statements of McNeely. Tr. 22, 225-32. This is a germane reason, specific to McNeely. Based on the entirety of the evidence in record, the ALJ properly considered and rejected this lay witness evidence.

### IV. The ALJ's reliance on the vocational expert's testimony was not erroneous.

Plaintiff next argues that, in finding plaintiff able to perform certain jobs in the national economy, the ALJ erroneously relied on VE testimony that conflicts with the

14 - OPINION AND ORDER

Dictionary of Occupational Titles, (4th ed. rev. 1991) (DOT). Specifically, plaintiff argues that the DOT requirements for the jobs of wire worker, folder, and solderer exceed her RFC. The DOT description of these jobs include a General Educational Development (GED) reasoning level of 2, DOT 706.687-010, defined as the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions [and] [d]eal with problems involving a few concrete variables in or from standardized situations." DOT, Appx. C, § III. Plaintiff maintains that a GED level of 2 exceeds her RFC limitation of unskilled work with routine repetitive tasks and simple instructions.

I find no inconsistency, as a GED reasoning level 2 is generally consistent with the ability to perform simple, routine tasks. See Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005) (reasoning level two is consistent with simple and routine tasks); Meissl v. Barnhart, 403 F. Supp. 2d 981, 983-85 (C.D. Cal. 2005) (reasoning level 2 did not conflict with the ALJ's prescribed limitation of work involving "simple, repetitive" tasks); Tracer v. Astrue, 2011 WL 2710271, at *10 (D. Or. July 12, 2011) (reasoning level two does not contradict limitation to simple tasks); Koch v. Astrue, 2009 WL 1743680 at *17 (D. Or. June 15, 2009) (level two reasoning is consistent with simple,

15 - OPINION AND ORDER

routine tasks).

Regardless, the tasks contemplated in the DOT description for the above jobs are consistent with plaintiff's RFC; nothing in the description contemplates detailed and complex instructions or tasks beyond plaintiff's RFC. See DOT 728.684-022; DOT 369.687-018; DOT 813.684-022.

Thus, because the ALJ's RFC determination was supported by substantial evidence and the VE testified that the jobs of wire worker, folder, and solderer were consistent with plaintiff's RFC, the ALJ's reliance on the VE's testimony was not erroneous. Tr. 76-77. Accordingly, I find that the ALJ did not err in finding the duties of these positions to be consistent with plaintiff's RFC.

<u>CONCLUSION</u>

The ALJ's finding that plaintiff was not disabled under the Act is supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

Dated this 3RD day of December, 2013.


_____
Ann Aiken
United States District Judge

16 - OPINION AND ORDER